UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAXINE HARRINGTON, ET AL | CIVIL ACTION |
| VERSUS | NO. 08-4810 |
| GULF STREAM COACH, INC., ET AL | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on motion to dismiss filed by Gulf Stream Coach, Inc. ("Gulf Stream"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion has merit as follows.

The plaintiffs filed this suit in state court seeking damages allegedly resulting from an explosion in the their FEMA trailer, which had been manufactured by Gulf Stream. Claims were made under La. Civ. Code art. 2315, La. Civ. Code art. 2317, La. Civ. Code art. 2317.1, La. Civ. Code art. 2322, La. Civ. Code arts. 2696-2697, and "pursuant to other applicable statutes and codes of the United States of America, State of Louisiana, and the Municipal Code of the City of New Orleans, which may hold defendants liable for general negligence and for improper design, installation, and maintenance of the premises at issue ..." (Rec. Doc. 1). The case was removed on the basis of diversity jurisdiction.

Gulf Stream argues in this motion that the only viable theory of recovery available to the plaintiffs is under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.54 ("LPLA"), and that all other claims are subject to dismissal. It also argues that the plaintiffs have not alleged a claim under the LPLA, that the allegations that are made are insufficient to support a claim under the LPLA, and that Gulf Stream was not the owner or lessor of the trailer and can not be sued in that capacity.

The plaintiffs argue in opposition that their claims should be maintained because the LPLA is conduct based on fault for purposed of Article 2315. They also argue that their petition "includes listings of specific facts as to the construction, design, and transfer into commerce of the trailer in question by Gulf Stream." (Rec. Doc. 17, p. 5). The plaintiffs also argue that they bear the burden of proof on their claims, but that it does not appear beyond doubt that the plaintiffs can prove those claims.

The plaintiffs' opposition does not address the gravamen of Gulf Stream's legal argument and appears to argue in favor of the viability of claims against a manufacturer outside of the LPLA. The plaintiffs provide no legal authority for this proposition, and the Court has understood that the LPLA provides the exclusive theories of liability against a product manufacturer. See *Stahl v. Novaritz*, 283 F.3d 254 (5th Cir. 2002). Although, since the filing of this motion, the plaintiffs amended their complaint to specify a claim under the LPLA, the plaintiffs reurged all of the non-LPLA claims in that

amendment. (Rec. Doc. 29).

The Court is presented, therefore, with no legally-cognizable opposition by the plaintiffs to the argument made by Gulf Stream that all non-LPLA claims are subject to dismissal. This circumstance is not cured by proving facts at trial, contrary to what appears to be the plaintiffs' argument. To the extent that the plaintiffs continue to allege that there are other sources in federal, municipal law or otherwise, those sources should be specified in light of the challenge made by Gulf Stream in this motion and the plaintiffs' response, in order to alleviate confusion as to the nature of the claims being made.

In addition, the Court's review of the supplemental and amended complaint indicates that is does not sufficiently articulate the citizenship of all parties and needs to be amended.

Accordingly,

IT IS ORDERED that the motion to dismiss under Fed. R. Civ. P. 12(b)(6) is PARTIALLY DENIED as to LPLA claims in light of the supplemental and amended complaint, and PARTIALLY GRANTED as to all non-LPLA claims currently alleged. (Rec. Doc. 12). The plaintiffs shall amend their complaint to affirmatively set forth the citizenship of the parties no later than 10 days from the date of this order. In the event that the plaintiffs intend to assert claims outside of the LPLA against Gulf Stream or any

other party, the source of each claim shall be specified in this amended complaint and, if appropriate, the Court will consider sanctions in the event that those claims are frivolous or ill-founded under Fed. R. Civ. P. 11.

New Orleans, Louisiana, this 4th day of March, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE